UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXIS MOORE,

       Plaintiff,

v.                                              Case No:  8:15-cv-1425-T-27AEP

JOHN LODER, *et al.*,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* in this matter, filed a Complaint (Doc. 1) asserting claims against Defendants for violating the Clean Air Act by exposing plaintiff to asbestos while employed as a construction worker for Defendants. Currently before the Court is Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit (Doc. 2)[1] and Affidavit of Indigency (Doc. 3), which the Court construes collectively as a request for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security thereof.  28 U.S.C. § 1915(a)(1).  When an application to proceed *in forma pauperis* is filed, a court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. 1915(e)(2)(B)(i)-(iii).  Dismissal

---

[1] Given that Plaintiff is currently incarcerated, he also submitted his certified copy of his trust fund account statement for the 6-month period immediately preceding the filing of the Complaint in accordance with 28 U.S.C. §1915(a)(2). Plaintiff's trust fund account indicates that he had $0.27 in his account as of May 29, 2015 (Doc. 2).

for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 Fed. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pled, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, an action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or without arguable merit either in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-29 (1989). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).

In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Here, Plaintiff alleges Defendants violated various statutes and regulations, including 42 U.S.C. § 7412(b)(1) & (h)(1) and 40 C.F.R. §§ 61.141, 61.145(a), 61.145(c)(1), 61.145(c)(3), 61.145(c)(8), & 61.150(a),[2] in

---

[2] Plaintiff also contends that Defendants violated 20 U.S.C. § 3601(a)(3). The statute relates to asbestos school hazard detection and control and simply states the Congressional finding that "medical science has not established any minimum level of exposure to asbestos fibers which is considered to be safe to individuals exposed to the fibers." 20 U.S.C. § 3601(a)(3). Accordingly, Plaintiff's allegation that Defendants violated 20 U.S.C. § 3601(a)(3) lacks merit.

exposing him to asbestos while employed by Defendants. Essentially, Plaintiff alleges that Defendants violated the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, by exposing Plaintiff to asbestos while he worked as a construction worker for Defendants and that, as a result of such asbestos exposure, Plaintiff suffered personal injury. Plaintiff claims that, from 2004 through 2005, he worked in construction, exclusively at two properties owned by Sun Vista Development Group, an entity that Plaintiff alleges Defendants John Loder and Stephen Spencer own. According to Plaintiff, Defendants required Plaintiff to be exposed to asbestos while renovating the properties and to improperly dispose of the asbestos while working on the properties. Plaintiff further alleges that, around 2010, he began experiencing shortness of breath, chest pain, and dizziness. He contends that these symptoms are a direct result of the asbestos exposure he experienced in 2004 and 2005. Accordingly, Plaintiff seeks, among other relief, "actual damages," "general damages," and "consequential and continuing damages" (Doc. 1, at 19-22).

"The Clean Air Act seeks to protect the nation's air resources and promote public health through the prevention and control of air pollution." *United States v. Ala. Power Co.*, 730 F.3d 1278, 1280 (11th Cir. 2013) (citing 42 U.S.C. § 7401(b)). To that end, the "Clean Air Act empowers the Environmental Protection Agency (EPA) to establish standards for the safe and proper handling and removal of asbestos during renovation work." *United States v. Gannaway*, 477 Fed. App'x 618, 619 (11th Cir. 2012) (citing 42 U.S.C. § 7412(h)(1)). Companies involved in renovation work must adhere to these standards, with the failure to adhere to such standards resulting in civil and criminal sanctions. *Gannaway*, 477 Fed. App'x at 619 (citing 40 C.F.R. §§ 61.141, 61.145).

3

Under the Clean Air Act, a civilian can file a civil suit on his or her own behalf against any person who modifies a major emitting facility without a permit or who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of (A) an emission standard or limitation under the Act or (B) an order issued by the Administrator or a State with respect to such a standard or limitation. 42 U.S.C. § 7604(a)(1) & (3). If the violation is of an emission standard or limitation or an order relating to such standard or limitation, a civilian is barred from commencing an action (1) unless the individual provides notice at least 60 days prior to commencing an action to the Administer of the EPA, the State in which the violation occurred, and the perpetrator of the violation, or (2) if the Administrator or State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States, any person may intervene as a matter of right. 42 U.S.C. § 7604(b)(1); *see Nat'l Parks & Conservation Ass'n, Inc. v. Tenn. Valley Auth.*, 502 F.3d 1316, 1328 (11th Cir. 2007) ("In general, unless the plaintiff provides specific notice of intent to sue at least 60 days before filing the complaint, a citizen suit may not be maintained" (citations omitted)). Plaintiff failed to allege that he provided the requisite notice or that he intervened in a civil action against Defendants. Such a failure provides a basis for dismissing the Complaint.

More importantly, Plaintiff failed to bring his claims within the applicable statute of limitations. "Legal claims brought under the Clean Air Act are subject to the general federal five-year statute of limitations established by 28 U.S.C. § 2462, wherein the claim is barred if suit is not brought within five years of the date the claim first accrues." *Nat'l Parks*, 502 F.3d at 1322.

For purposes of the Clean Air Act, a claim first accrues on the date that the violation first occurs. *Id.* For a suit to be timely, therefore, Plaintiff must identify some wrongful act that took place within the five-year period immediately preceding the filing of the Complaint in this matter. *See id.* In the Complaint, however, Plaintiff alleges that he worked as a construction worker for Defendants between the years of 2004 and 2005 and, during such time, Defendants required him to install layers of drywall to cover asbestos in the ceilings at the two construction sites where he was assigned to work (Doc. 1, at 8-17). Plaintiff alleges further that, while he worked for Defendants in 2004 and 2005, Defendants failed to provide him with the proper protective wear and instructed him to improperly dispose of asbestos (Doc. 1, at 8-17). At least ten years passed between the onset of the violation and the filing of the Complaint, thereby placing Plaintiff's claims outside of the applicable five-year statute of limitations.[3]

Since Plaintiff's claims are barred by the statute of limitations, amendment would prove futile. *Cockrell v. Sparks*, 510 F. 3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint

---

[3] Though Plaintiff alleges that he began experiencing shortness of breath, chest pains, and slight dizziness in 2010 and did not know of Defendants purported violations until August, 2011 (Doc. 1, at 18), such subsequent events do not establish the date the violation occurred or establish a continuing violation by Defendants that would toll the statute of limitations. First, by Plaintiff's own allegations, the alleged violations first occurred while he worked for Defendants in 2004. Plaintiff filed this action eleven years later on June 18, 2015, which is well beyond the five-year statute of limitations. In addition, "[u]nder the continuing violations doctrine, the statute of limitations is tolled for a claim that otherwise would be time-barred where the violation giving rise to the claim continues to occur within the limitations period." *Nat'l Parks*, 502 2F.3d at 1322 (citation omitted). In this instance, Plaintiff did not allege that the violations continued to occur through a date falling within the applicable statute of limitations; instead, Plaintiff simply alleged that he started to experience adverse health effects in 2010 from the purported asbestos exposure and only found out about the alleged violations in 2011 after prosecutors unsealed an indictment (Doc. 1, at 9 & 18), which the undersigned presumes relates to the criminal prosecution of the individual Defendants named in this action in Case No. 8:10-cr-59-T-30MAP (M.D. Fla. filed Feb. 3, 2010). Neither allegation establishes a continuing violation by Defendants.

is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."); *see Grider v. Cook*, 522 Fed. App'x 544, 548 (11th Cir. 2013) ("Although a *pro se* litigant must generally be permitted to amend his complaint, a district court need not allow amendment where amendment would be futile, or in other words, still subject to dismissal."). Accordingly, Plaintiff's purported claims under the Clean Air Act should be dismissed with prejudice. For the foregoing reasons, it is hereby

RECOMMENDED:

1. Plaintiff's request for leave to proceed *in forma pauperis* (Doc. 2) be DENIED.

2. Plaintiff's Complaint (Doc. 1) be DISMISSED WITH PREJUDICE.

IT IS SO REPORTED in Tampa, Florida, on this 13th day of October, 2015.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); M.D. Fla. R. 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).

cc:     Hon. James D. Whittemore

        Plaintiff, *pro se*